```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
 2                         EASTERN DIVISION

 3     UNITED STATES OF AMERICA,      Case Nos. 5:15-cr-319-DCN-1
                                                5:15-cr-319-DCN-2
 4               Plaintiff,           Cleveland, Ohio
           vs.                        Wednesday, January 18, 2017
 5                                    10:20 a.m.
       LEROY SHUAROD STEELE,
 6     SABRINA M. ROBINSON,

 7               Defendants.

 8                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE DONALD C. NUGENT,
 9               UNITED STATES DISTRICT JUDGE

10     APPEARANCES:

11     For the Government:        Linda H. Barr
                                  Assistant U.S. Attorney
12                                208 Federal Bldg.
                                  2 South Main Street
13                                Akron, Ohio    44308
                                  330-761-0521
14
       For the Defendant         Angelo F. Lonardo
15     Leroy Shuarod Steele:     Yelsky & Lonardo
                                  323 Lakeside Avenue, W, Ste. 450
16                                Cleveland, OH    44113
                                  216-781-2550
17
       For the Defendant         Kevin M. Spellacy
18     Sabrina M. Robinson:      McGinty, Hilow & Spellacy
                                  1300 Rockefeller Bldg.
19                                614 Superior Avenue, W
                                  Cleveland, OH    44113
20                                216-344-9220

21     Official Court Reporter:  Heidi Blueskye Geizer,
                                  Certified Realtime Reporter
22                                United States District Court
                                  801 West Superior Avenue
23                                Cleveland, OH    44113
                                  216-357-7092
24
       Proceedings recorded by mechanical stenography, transcript
25     produced by computer-aided transcription.
```

1    MORNING SESSION, WEDNESDAY, JANUARY 18, 2017  10:20 A.M.

2              THE COURT:  All right.  We are here in Case

3    Number 15-cr-319, it is titled the United States versus

4    Sabrina Robinson and Leroy -- Leroy, what is your real last

5    name?

6              DEFENDANT STEELE:  Leroy Steele.

7              THE COURT:  Steele.  All right.

8         Will both of you raise your right hand for me?

9              (The defendants are sworn.)

10             THE COURT:  All right.  Now, in order for me

11   to accept -- go ahead, Leroy, put your hand down.  In order

12   for me to accept a guilty plea from either or both of you, I

13   have to be satisfied that you understand what we're doing.

14   So if you don't understand something or if you have a

15   question about what we're doing, I want you to let me know.

16        Is that fair.

17             DEFENDANT STEELE:  Yes.

18             DEFENDANT ROBINSON:  Yes.

19             THE COURT:  I'll start with you, Mr. Steele.

20   You can stay seated.  We're making an accommodation to your

21   famous lawyer, Mr. Angelo Lonardo.

22             MR. LONARDO:  Thank you, Judge.

23             THE COURT:  Usually we have everybody stand

24   up, but since he's under the weather and he's famous, he

25   gets that accommodation from the Court.

1          DEFENDANT STEELE:  Yes.

2          THE COURT:  And you probably heard of him

3  before he became your lawyer, didn't you?

4          DEFENDANT STEELE:  Yeah.

5          THE COURT:  Yeah, I think so.  You might have

6  seen him on TV or the news.

7          DEFENDANT STEELE:  I have seen him before.

8          THE COURT:  Very famous lawyer.

9          MR. LONARDO:  Thank you, Judge.

10          THE COURT:  Leroy, how old are you?

11          DEFENDANT STEELE:  I'm 37.

12          THE COURT:  Speak up so I can hear you.

13          DEFENDANT STEELE:  I'm sorry.  37.

14          THE COURT:  How far did you go in school?

15          DEFENDANT STEELE:  I have a GED, and I have

16  some college.

17          THE COURT:  Are you married or single?

18          DEFENDANT STEELE:  Single.

19          THE COURT:  Any kids?

20          DEFENDANT STEELE:  Yes, three kids.

21          THE COURT:  And what kind of work did you do

22  before your arrest?

23          DEFENDANT STEELE:  I did real estate,

24  contracting.

25          THE COURT:  Have you been in trouble before?

1           DEFENDANT STEELE:  Yes, I have, sir.

2           THE COURT:  Are you on probation or parole

3    right now for anything?

4           DEFENDANT STEELE:  No.

5           THE COURT:  Have you ever served time for any

6    offense?

7           DEFENDANT STEELE:  Yes.

8           THE COURT:  Are you under the influence today

9    of any drug or alcohol?

10          DEFENDANT STEELE:  No.

11          THE COURT:  Have you taken any medication that

12   would affect your ability to understand what we're doing

13   here today?

14          DEFENDANT STEELE:  No.

15          THE COURT:  Thank you.

16      Now, Ms. Johnson -- excuse me -- Ms. Robinson, how old

17   are you?

18          DEFENDANT ROBINSON:  I'm 36.

19          THE COURT:  How far did you go in school?

20          DEFENDANT ROBINSON:  I have a GED, and some

21   college experience.

22          THE COURT:  Married?  Single?

23          DEFENDANT ROBINSON:  Um -- I'm single.

24          THE COURT:  Any kids?

25          DEFENDANT ROBINSON:  I have two, Your Honor.

1            THE COURT:  What kind of work did you do

2    before your arrest in this case?

3            DEFENDANT ROBINSON:  I worked -- I had a

4    partner for a boutique, and we sold makeup and clothes

5    online.

6            THE COURT:  Have you been in trouble before.

7            DEFENDANT ROBINSON:  Yes, Your Honor.

8            THE COURT:  Are you on probation or parole for

9    anything right now?

10           DEFENDANT ROBINSON:  Yes, I was on probation.

11           THE COURT:  And where is that probation?

12           DEFENDANT ROBINSON:  In Akron, Ohio.

13           THE COURT:  You understand that by pleading

14   guilty here it may act as a violation of that probation?  If

15   it in fact does, the judge in that case can decide whether

16   to continue you on probation, whether to terminate

17   probation; or if that judge imposes a sentence, any sentence

18   in this case has to be served after that's finished.  Do you

19   understand that?

20           DEFENDANT ROBINSON:  Yes, Your Honor.

21           THE COURT:  Okay.  Are you under the influence

22   of any drug or alcohol today?

23           DEFENDANT ROBINSON:  No, sir.

24           THE COURT:  Have you taken any medication that

25   would affect your ability to understand what we're doing?

1          DEFENDANT ROBINSON:  No, Your Honor.

2          THE COURT:  Thank you.

3      Now, both of you know that your lawyers have been here

4  many times, and when they've been here they've met with the

5  United States Attorney.  And during those meetings Mrs. Barr

6  has explained to your lawyers what evidence she thinks she

7  has against you.

8      You understand that, don't you, Mr. Steele?

9          DEFENDANT STEELE:  Yes, Your Honor.

10          THE COURT:  Mrs. Robinson?

11          DEFENDANT ROBINSON:  Yes, Your Honor.

12          THE COURT:  Have each of you been honest with

13  your lawyers?  That means have you explained to your lawyers

14  everything that you know about any involvement you may have

15  had in the case?  Mr. Steele?

16          DEFENDANT STEELE:  Yes, Your Honor.

17          THE COURT:  Mrs. Robinson?

18          DEFENDANT ROBINSON:  Yes.

19          THE COURT:  That means if you had a defense or

20  explanation or excuse for your conduct, have you thoroughly

21  discussed those issues with your lawyers?  Mr. Steele?

22          DEFENDANT STEELE:  Yes, Your Honor.

23          THE COURT:  And Mrs. Robinson?

24          DEFENDANT ROBINSON:  Yes, Your Honor.

25          THE COURT:  So as you are here in court today,

1      are you both confident you know what the government claimed

2      you did and you know exactly what your involvement in this

3      case was?  Mr. Steele?

4                     DEFENDANT STEELE:  Yes, Your Honor.

5                     THE COURT:  And Mrs. Robinson?

6                     DEFENDANT ROBINSON:  Yes, Your Honor.

7                     THE COURT:  As you know, you're presumed to be

8      innocent.  That presumption of innocence stays with you

9      unless you plead guilty here in open court or the government

10     proves your guilt beyond a reasonable doubt.

11          Do you understand that, Mr. Steele?

12                    DEFENDANT STEELE:  Yes, Your Honor.

13                    THE COURT:  Mrs. Robinson?

14                    DEFENDANT ROBINSON:  Yes, Your Honor.

15                    THE COURT:  You also have a right to be

16     represented by an attorney.  That means if you wanted to

17     continue your not guilty plea and go to trial, your

18     respective lawyers would continue to represent you without

19     cost.  You understand that, Mr. Steele?

20                    DEFENDANT STEELE:  Yes, Your Honor.

21                    THE COURT:  And Mrs. Robinson?

22                    DEFENDANT ROBINSON:  Yes, Your Honor.

23                    THE COURT:  In order then for me to accept any

24     guilty plea, I have to be satisfied that you have made the

25     decision to plead guilty.

1          Now, Mr. Steele, this is your decision, isn't it?

2                    DEFENDANT STEELE:  Yes, Your Honor.

3                    THE COURT:  Mrs. Robinson?

4                    DEFENDANT ROBINSON:  Yes, Your Honor.

5                    THE COURT:  I also have to be satisfied that

6     no one has promised or forced or threatened you in any way

7     to get you to plead guilty.

8          Now, no one has done that, have they, Mr. Steele?

9                    DEFENDANT STEELE:  No, Your Honor.

10                   THE COURT:  Mrs. Robinson?

11                   DEFENDANT ROBINSON:  No, Your Honor.

12                   THE COURT:  Now, if you enter the guilty pleas

13    outlined here in your written plea agreement, will you be

14    entering those guilty pleas knowingly, voluntarily, and of

15    your own free will?  Mr. Steele?

16                   DEFENDANT STEELE:  Yes.

17                   THE COURT:  Mrs. Robinson?

18                   DEFENDANT ROBINSON:  Yes.

19                   THE COURT:  Now, once you enter a guilty plea,

20    what you're doing is you're making a complete admission as

21    to the truth of the charge you plead guilty to.  You then

22    give me the power to enter judgment and impose sentence.

23         Do you understand that, Mr. Steele?

24                   DEFENDANT STEELE:  Yes.

25                   THE COURT:  And Ms. Robinson?

1          DEFENDANT ROBINSON:  Yes, I do.

2          THE COURT:  Now, you also know by pleading

3    guilty you waive or you give up certain constitutional

4    rights that you have, among which are you have a right to

5    have this case tried here by a jury if you want, or under

6    some circumstances you can waive a jury and have a judge try

7    the case.

8          Do you understand that, Mr. Steele?

9          DEFENDANT STEELE:  Yes.

10          THE COURT:  Miss Robinson?

11          DEFENDANT ROBINSON:  Yes.

12          THE COURT:  You also have a right known as

13    confrontation.  That means you have a right to be here in

14    open court with your lawyers, face to face confront every

15    witness the government calls against you, and have your

16    lawyers cross-examine those people to make sure they testify

17    truthfully.

18          Do you understand that, Mr. Steele?

19          DEFENDANT STEELE:  Yes.

20          THE COURT:  And Ms. Robinson?

21          DEFENDANT ROBINSON:  Yes, Your Honor.

22          THE COURT:  You also have a right known as the

23    subpoena power or compulsory process.  That means if you

24    thought there were any witnesses or exhibits that you wanted

25    presented on your behalf, you could have the Court order

1       those witnesses to be here and have those exhibits presented

2       on your behalf.

3              Do you understand that, Mr. Steele?

4                     DEFENDANT STEELE:  Yes.

5                     THE COURT:  And Ms. Robinson?

6                     DEFENDANT ROBINSON:  Yes, Your Honor.

7                     THE COURT:  And as I told you, you are

8       presumed to be innocent.  As such, you have the absolute

9       right if you want to require the government to prove your

10      guilt here in open court by evidence beyond a reasonable

11      doubt as to each element of any crime charged against you.

12             Do you understand that, Mr. Steele?

13                    DEFENDANT STEELE:  Yes.

14                    THE COURT:  Ms. Robinson?

15                    DEFENDANT ROBINSON:  Yes.

16                    THE COURT:  You also may be required to

17      forfeit property if it's related to the offense.  Do you

18      understand that, Mr. Steele?

19                    DEFENDANT STEELE:  Yes.

20                    THE COURT:  And Ms. Robinson?

21                    DEFENDANT ROBINSON:  Yes.

22                    THE COURT:  Finally now, if you decided you

23      wanted to continue your not guilty plea and go to trial and

24      we actually went to trial, you don't have to take the

25      witness stand or testify.  So if we went to trial and you

1    decided not to testify, nobody could force you or make you

2    take the witness stand, no one could comment on the fact

3    that you didn't testify, nor could anyone use that against

4    you for any reason whatsoever.

5         Do you understand that, Mr. Steele?

6              DEFENDANT STEELE:  Yes.

7              THE COURT:  And Ms. Robinson?

8              DEFENDANT ROBINSON:  Yes.

9              THE COURT:  Do you recognize then by pleading

10   guilty you're waiving or giving these rights up?

11        Mr. Steele.

12             DEFENDANT STEELE:  Yes.

13             THE COURT:  Ms. Robinson?

14             DEFENDANT ROBINSON:  Yes, I do.

15             THE COURT:  I looked at your plea agreements

16   and noticed you initialed each page, and signed at the end.

17        Correct, Mr. Steele?

18             DEFENDANT STEELE:  Yes.

19             THE COURT:  And Mrs. Robinson?

20             DEFENDANT ROBINSON:  Yes.

21             THE COURT:  I'll ask you to have a seat, and

22   follow along as Mrs. Barr goes over the plea agreements.

23             MS. BARR:  Your Honor, I will indicate in

24   cases where the plea agreements are different; otherwise, if

25   I read a paragraph, it applies to both defendants --

1          THE COURT:  Thank you.

2          MS. BARR:  -- Mr. Steele and Ms. Robinson.

3      First of all, as to Ms. Robinson, pursuant to Rule

4  11(c)(1)(B) of the Federal Rules of Criminal Procedure, and

5  in consideration of the mutual promises set forth below, the

6  United States Attorney's Office for the Northern District of

7  Ohio, hereinafter USAO, by and through its undersigned

8  attorney, and the defendant, Sabrina M. Robinson, also known

9  as Bre, hereinafter defendant, agree as follows:

10      Mr. Steele's plea agreement is different in that it is

11  pursuant to 11(c)(1)(C).

12      Maximum penalties and other consequences of pleading

13  guilty.  Waiver of trial rights.

14      Defendant understands that defendant has the right to

15  plead not guilty and go to trial.  At trial defendant would

16  be presumed innocent, have the right to trial by jury, or

17  with the consent of the United States to trial by the Court;

18  the right to the assistance of counsel, the right to

19  confront and cross-examine adverse witnesses and subpoena

20  witnesses to testify for the defense, the right to testify

21  and present evidence, and the right to be protected from

22  compelled self-incrimination.

23      Defendant understands that the defendant has the right

24  to an attorney at every stage of the proceedings, and if

25  necessary one will be appointed to represent defendant.

1          Defendant understands that by pleading guilty

2     defendant specifically and voluntarily waives each of these

3     trial rights except the right to counsel.

4          Defendant understands that a guilty plea is a complete

5     admission of guilt, and if the Court accepts the guilty plea

6     the Court will find defendant guilty without a trial.

7          Statutory penalties.  Defendant understands that the

8     statutory maximum penalties, and minimum penalties if

9     applicable, for the counts to which defendant agrees to

10    plead guilty are as follows, subject to statutory

11    enhancements, if any, and/or the limited authority to impose

12    a sentence below the statutory mandatory minimum sentence as

13    set forth below.  And that paragraph applied to Mr. Steele

14    only.

15         And his two offenses are Count 1, Title 21, United

16    States Code, Section 846, drug conspiracies.  Maximum

17    imprisonment 20 years, maximum statutory fine $1 million.

18    Minimum period of supervised release three years, and a

19    special assessment of $100.

20         Count 2, Title 21, United States Code, Sections

21    841(a)(1) and (b)(1)(C), distribution of drug resulting in

22    death.  Maximum imprisonment is life, minimum imprisonment

23    is 20 years.  Maximum statutory fine is $1 million, minimum

24    period of supervised release is three years, and the special

25    assessment is $100.

1      For Ms. Robinson, she is pleading to Count 1, drug

2    conspiracies, and the penalties are the same as

3    Mr. Steele's.

4      Special assessment.  As set forth above, defendant

5    will be required to pay a mandatory special assessment of

6    $100 for each count of conviction, for a total of $100 in

7    Ms. Robinson's case, and $200 in Mr. Steele's case, due

8    immediately upon sentencing.

9      For Mr. Steele, the minimum sentence must include

10   imprisonment.  The sentence for the offense charged in Count

11   2 may not be satisfied by a term of probation and must

12   include some period of imprisonment.

13     Costs.  The Court may order defendant to pay the costs

14   of prosecution and sentence, including but not limited to

15   imprisonment, community confinement, home detention,

16   probation, and supervised release.

17     Restitution.  The Court may order defendant to pay

18   restitution as a condition of the sentence of probation

19   and/or supervised release.

20     Violation of probation/supervised release.  If

21   defendant violates any term or condition of probation or

22   supervised release, such violation could result in a period

23   of incarceration or other additional penalty as imposed by

24   the Court.  In some circumstances, the combined term of

25   imprisonment under the initial sentence and additional

1    period of incarceration could exceed the maximum statutory

2    term.

3        Immigration consequences.  Defendant understands that

4    a convicted person who is not a United States citizen may be

5    removed from the United States, denied citizenship, and

6    denied admission to the United States in the future.

7    Defendant recognizes that pleading guilty may have negative

8    consequences with respect to defendant's immigration status

9    if defendant is not a citizen of the United States.

10       Pleas and other charges.  For Mr. Steele, defendant

11    agrees to plead guilty to the superseding indictment in this

12    case.  The charges in Counts 1 and 2 of the original

13    indictment will be dismissed at the time of sentencing as to

14    this defendant.

15       That is the same as to Ms. Robinson; however, she is

16    just agreeing to plead guilty to Count 1, in which she is

17    charged.

18       Agreement not to bring certain other charges.  The

19    USAO will not bring any other criminal charges against

20    defendant for violations known to the USAO on the date of

21    the execution of this agreement as it relates to this

22    investigation.

23       Elements of the offense.  Ms. Robinson is charged only

24    with drug conspiracies, and then I will include the drug

25    delivery resulting in death for Mr. Steele in addition to

1    the drug conspiracies.

2        Title 21, United States Code, Section 846, drug

3    conspiracies.  First, that two or more persons conspired or

4    agreed to violate federal drug laws; and two, defendant

5    knowingly and voluntarily joined the conspiracy.

6        For Mr. Steele, it's Title 21, United States Code,

7    Section 841(a)(1) and (b)(1)(C), drug delivery resulting in

8    death.  One, the defendant knowingly and intentionally

9    distributed a controlled substance; two, defendant knew that

10   the substance was intended for human consumption; and three,

11   death resulted to an individual from the use of such

12   substance.

13       Sentencing stipulations and agreements.  Defendant

14   understands that sentencing rests within the discretion of

15   the Court, that federal sentencing law requires the Court to

16   impose a sentence which is sufficient but not greater than

17   necessary to comply with the purposes of 18, U.S.C., Section

18   3553(a), and that the Court must consider, among other

19   factors, the advisory United States Sentencing Guidelines in

20   effect at the time of sentencing, and that in determining

21   the sentence the Court may depart or vary from the advisory

22   guideline range.

23       Presentence report.  Defendant understands that the

24   advisory guideline range will be determined by the Court at

25   the time of sentencing after a presentence report has been

1    prepared by the U.S. Probation Office and reviewed by the

2    parties.  Defendant further understands that the USAO may

3    provide to the U.S. Probation Office all known information

4    regarding defendant's conduct, subject to its limited use

5    under United States Sentencing Guidelines Section 1B1.8, and

6    except as protected under the proffer agreement, if any.

7        Paragraph 14 is as to Mr. Steele.  Agreement to a

8    specific sentence.  Pursuant to Rule 11(c)(1)(C), and after

9    considering the factors in 18, U.S.C., Section 3553(a), the

10   parties agree that the appropriate disposition of this case

11   is for defendant to receive a sentence that includes a

12   specific sentence of 240 months or 20 years of imprisonment.

13       Defendant understands that the Court may accept this

14   plea agreement, reject it, or defer a decision until the

15   Court has reviewed the presentence report.  If the Court

16   rejects the plea agreement, Rule 11(c)(5) will require the

17   Court to inform the parties that the Court rejects the plea

18   agreement, give defendant an opportunity to withdraw the

19   plea, and advise defendant that if the plea is not withdrawn

20   the Court may dispose of the case less favorably toward the

21   defendant than the plea agreement contemplates.

22       For Ms. Robinson, there is a joint recommendation to

23   use the advisory sentencing guideline computations after

24   considering the factors in 18, U.S.C., 3553(a).  The parties

25   agree to recommend that the Court impose a sentence within

1    the range and of the kind specified pursuant to the advisory

2    sentencing guidelines in accordance with the computations

3    and stipulations set forth below.

4         Neither party will recommend or suggest in any way

5    that a departure or variance is appropriate, either

6    regarding the sentencing range or regarding the kind of

7    sentence, other than a departure for substantial assistance,

8    as set forth in this agreement.

9         Allocution.  Defendant understands and agrees that the

10   United States Attorney's Office reserves the opportunity to

11   speak at defendant's sentencing.  The USAO agrees that the

12   defendant reserves the right of allocution at sentencing.

13        For Ms. Robinson:  Sentencing recommendations are not

14   binding on the Court.  The defendant understands that the

15   recommendations of the parties will not be binding upon the

16   Court, that the Court alone will decide the advisory

17   guideline range under the sentencing guidelines, whether

18   there is any basis to depart from that range or impose a

19   sentence outside the advisory guideline range, and what

20   sentence to impose.

21        Defendant further understands that once the Court has

22   accepted defendant's guilty plea defendant will not have the

23   right to withdraw such a plea if the Court does not accept

24   any sentencing recommendations made on defendant's behalf,

25   or if defendant is otherwise dissatisfied with the sentence.

1        Stipulated guideline computations, paragraph 16.  The

2   parties agree that the following calculation using the

3   current advisory sentencing guidelines manual represents the

4   correct computation of the applicable offense level.

5        First, as to Ms. Robinson, for the offense of drug

6   conspiracies, a base offense level of less than 400 grams of

7   fentanyl is a 28, pursuant to sentencing guideline

8   2D1.1(c)(6).  She is a career offender, so that increases it

9   by one level to a 29 pursuant to Section 4B1.1(b)(4).  The

10  total offense level before acceptance of responsibility

11  therefore is a 29.

12       Unless otherwise agreed to below, the parties agree no

13  other specific offense characteristics, guideline

14  adjustments, or guideline departures apply.

15       For Mr. Steele, Count 1, the drug conspiracy, the base

16  offense level is less than 400 grams of fentanyl, for a

17  level 28 according to Section 2D1.1(c)(6).  The subtotal

18  therefore is 28.  However, Count 2 is a distribution of drug

19  resulting in death, and the mandatory minimum sentence is 20

20  years.

21       Unless otherwise agreed to below, the parties agree no

22  other specific offense characteristics, guideline

23  adjustments, or guideline departures apply.

24       Acceptance of responsibility.  The United States

25  Attorney's office has no reason to believe at this time that

1    defendant has not clearly and affirmatively accepted

2    personal responsibility for defendant's criminal conduct.

3        The USAO agrees to recommend a three-level reduction

4    for acceptance of responsibility under United States

5    Sentencing Guideline 3E1.1(a) and (b), provided defendant's

6    conduct continues to reflect defendant's acceptance of

7    responsibility.  Defendant understands it will be up to the

8    Court at the time of sentencing to determine whether a

9    reduction for acceptance of responsibility is appropriate.

10        Criminal history category.  The parties have no

11   agreement about the criminal history category applicable in

12   this case.  Defendant understands that the criminal history

13   category will be determined by the Court after the

14   completion of a presentence investigation by the U.S.

15   Probation Office.

16        Defendant understands that if the defendant is found

17   to be a career offender, defendant's criminal history

18   category will automatically be Category VI.  And that is

19   applicable to both defendants.

20        Waiver of appeal and post-conviction attack.

21   Defendant acknowledges having been advised by counsel of

22   defendant's rights in limited circumstances to appeal the

23   conviction or sentence in this case, including the appeal

24   rights conferred by 18, U.S.C., Section 3742, and to

25   challenge the conviction or sentence collaterally through a

1   post-conviction proceeding, including a proceeding under 28,

2   U.S.C., Section 2255.  Defendant expressly and voluntarily

3   waives those rights, except as specifically reserved below.

4   Defendant reserves the right to appeal, A, any punishment in

5   excess of the statutory maximum; or B, any sentence to the

6   extent it exceeds the maximum of the sentencing imprisonment

7   range determined under the advisory sentencing guidelines in

8   accordance with the sentencing stipulations and computations

9   in this agreement, using the criminal history category found

10  applicable by the Court.

11       Nothing in this paragraph shall act as a bar to

12  defendant perfecting any legal remedies defendant may

13  otherwise have on appeal or collateral attack with respect

14  to claims of ineffective assistance of counsel or

15  prosecutorial misconduct.

16       Waiver of statute of limitations.  Defendant waives

17  all defenses based on the statute of limitations with

18  respect to any prosecution that is not already time barred

19  by the applicable statute of limitation on the date of

20  defendant's signing of this agreement and that is commenced

21  within one year after any of the following events:  One,

22  defendant fails to plead guilty at the plea proceeding or

23  the Court refuses to accept a guilty plea by defendant

24  pursuant to this agreement, the Court permits defendant to

25  withdraw a guilty plea entered pursuant to this agreement or

1    otherwise vacates such a guilty plea, or three, the

2    conviction obtained pursuant to this agreement is vacated,

3    overturned, or otherwise set aside.

4        Defendant understands the waiver of the statute of

5    limitations is effective immediately upon defendant's

6    signing of this agreement and is not conditioned upon the

7    approval of this agreement by the Court.

8        Factual basis and relevant conduct.  Defendant agrees

9    that the following summary fairly and accurately sets forth

10   defendant's offense conduct and a factual basis for the

11   guilty plea.  Defendant further agrees that the facts set

12   forth in the summary are true and could be established

13   beyond a reasonable doubt if the case were to proceed to

14   trial.

15       As to Mr. Steele, from at least as early as March 2015

16   to in or about April 2015, the exact dates unknown, in the

17   Northern District of Ohio, Eastern Division, and elsewhere,

18   defendant Leroy Shuarod Steele, also known as Leroy Sean

19   Steele, also known as Shrawn, also known as Sean; Sabrina M.

20   Robinson, also known as Bre; Ryan K. Sumlin, also known as

21   T.J., and diverse others known and unknown, did knowingly

22   and intentionally combine, conspire, confederate, and agree

23   together and with each other to distribute and to possess

24   with intent to distribute a mixture or substance containing

25   a detectable amount of fentanyl, a Schedule II controlled

1   substance, and acetyl fentanyl, a Schedule I controlled

2   substance analogue.

3        It was a part of the conspiracy that on numerous

4   occasions during a period beginning in at least as early as

5   March 2015 to in or about April of 2015, defendant obtained

6   fentanyl and acetyl fentanyl from suppliers in China.

7        It was further a part of the conspiracy that Sabrina

8   M. Robinson assisted defendant in distributing fentanyl and

9   acetyl fentanyl to various individuals in Akron, Fairlawn,

10  and other areas in the Northern District of Ohio.

11       It was further a part of the conspiracy that defendant

12  and Sabrina M. Robinson supplied Ryan K. Sumlin with

13  fentanyl for redistribution in Akron and other areas in the

14  Northern District of Ohio.

15       In addition, on or about March 21, 2015, in the

16  Northern District of Ohio, Eastern Division, defendant did

17  unlawfully, knowingly, and intentionally distribute a

18  quantity of a mixture or substance containing a detectable

19  amount of acetyl fentanyl, a Schedule I controlled substance

20  analogue as defined in Title 21, United States Code, Section

21  802(32), knowing that the substance was intended for human

22  consumption, and the death of T.R. resulted from the use of

23  such substance.

24       Defendant acknowledges that the above summary of

25  defendant's conduct does not set forth each and every fact

1    that the USAO could prove at trial, nor does it encompass

2    all of the acts which defendant committed in furtherance of

3    the offenses to which defendant is pleading guilty.

4         As to Sabrina Robinson, from at least as early as

5    March 2015 to in or about April 2015, the exact dates

6    unknown, in the Northern District of Ohio, Eastern Division

7    and elsewhere, Leroy Shuarod Steele, also known as Leroy

8    Sean Steele, also known as Shrawn, also known as Sean;

9    defendant Sabrina M. Robinson, also known as Bre; Ryan K.

10   Sumlin, also known as T.J., and diverse others known and

11   unknown, did knowingly and intentionally combine, conspire,

12   and confederate, and agree together and with each other, to

13   distribute and to possess with intent to distribute a

14   mixture or substance containing a detectable amount of

15   fentanyl, a Schedule II controlled substance, and acetyl

16   fentanyl, a Schedule I controlled substance analogue.

17        It was part of the conspiracy that on numerous

18   occasions during a period beginning at least as early as

19   March 2015 to in or about April of 2015, defendant obtained

20   fentanyl and acetyl fentanyl from suppliers in China.

21        It was further a part of the conspiracy that the

22   defendant assisted Steele in distributing fentanyl and

23   acetyl fentanyl to various individuals in Akron, Fairlawn,

24   and other areas in the Northern District of Ohio.

25        It was further part of the conspiracy the defendant

1    and Steele supplied Ryan K. Sumlin with fentanyl for

2    redistribution in Akron and other areas in the Northern

3    District of Ohio.

4        Defendant acknowledges that the above summary of

5    defendant's conduct does not set forth each and every fact

6    that the USAO could prove at trial, nor does it encompass

7    all of the acts which defendant committed in furtherance of

8    the offense to which defendant is pleading guilty.

9        Other provisions, and these will be the same for both

10   defendants.  Defendant agrees upon request to submit to the

11   USAO prior to the date of sentencing a complete and accurate

12   financial statement on a financial statement of debtor form

13   to be provided by the USAO.

14       This agreement is silent about all aspects of the

15   determination of sentence not expressly advised herein, and

16   the parties are free to advise the Court of facts and to

17   make recommendations to the Court with respect to all

18   aspects of sentencing not agreed to herein.

19       Defendant understands that if defendant breaches any

20   promise in this agreement, commits additional crimes,

21   obstructs justice, attempts to withdraw defendant's guilty

22   plea, or if defendant's guilty plea is rejected by the Court

23   or is vacated or set aside, the USAO will be released from

24   all of its obligations under this agreement and may

25   institute or maintain any challenges and make any

1    recommendations with respect to sentencing that otherwise

2    would be prohibited under the terms of the agreement.

3         Defendant understands, however, that a breach of the

4    agreement by defendant will not entitle defendant to

5    withdraw, vacate, or set aside defendant's guilty plea or

6    conviction.

7         Defendant understands that this plea agreement is

8    binding only on the United States Attorney's Office for the

9    Northern District of Ohio.  It does not bind any other

10   United States Attorney, any other federal agency, or any

11   state or local government.

12        Defendant makes the following truthful statements:  I

13   have discussed this case and this plea agreement in detail

14   with my attorney, who has advised me of my constitutional or

15   other trial and appeal rights, the nature of the charges,

16   the elements of the offenses the United States would have to

17   prove at trial, the evidence the United States would present

18   at such trial, possible defenses, the advisory sentencing

19   guidelines and other aspects of sentencing, the potential

20   losses of civil rights and privileges, and other potential

21   consequences of pleading guilty in this case.

22        I have had sufficient time and opportunity to discuss

23   all aspects of the case in detail with my attorney and have

24   told my attorney everything I know about the charges, any

25   defenses I may have to the charges, and all personal and

1    financial circumstances in possible mitigation of sentence.

2         I am satisfied with the legal services and the advice

3    provided to me by my attorney.

4         Defendant and defendant's undersigned attorney state,

5    this agreement, including any addendums discussed in open

6    court and on the record at the time of the change of plea,

7    if any, is the entire agreement between defendant and the

8    USAO, and that no other promises or inducements have been

9    made directly or indirectly by any agent or representative

10   of the United States Government concerning any plea to be

11   entered in this case.

12        In particular, no promises or agreements have been

13   made with respect to any actual or prospective civil or

14   administrative proceedings or actions involving defendant,

15   except as expressly stated herein.

16        In addition, defendant states that no person has

17   threatened or coerced defendant to do or refrain from doing

18   anything in connection with this case, including defendant's

19   decision to enter a guilty plea.

20        Finally, defendant acknowledges that this agreement

21   cannot be modified unless in writing, and is subject to

22   approval by the Court.

23        And both defendants have signed the plea agreement,

24   under signatures indicating they have read or had read to

25   them the entire plea agreement and discussed it, they have

1   initialed each page of the agreement to signify they

2   understand and approve the provisions on that page, and that

3   they are entering this agreement voluntarily and of their

4   own free will.  No threats have been made to them, nor are

5   they under the influence of anything that could impair their

6   ability to understand this agreement.

7        It is also signed by each of their respective

8   attorneys, myself, and has been submitted to the Court for

9   its approval.

10       As to Ms. Robinson, there is a cooperation addendum.

11  Defendant agrees to cooperate fully --

12            THE COURT:  Miss Robinson -- we don't need to

13  read the addendum -- you understand it, and you are bound by

14  it.

15            DEFENDANT ROBINSON:  Yes.

16            THE COURT:  And you, too, Ms. Barr.

17            MS. BARR:  Yes, Your Honor.

18            THE COURT:  Great.  Thank you.

19            MR. SPELLACY:  Judge, can we have that

20  separated from the agreement, under seal?

21            THE COURT:  Sure.

22            MR. SPELLACY:  Thank you.

23            THE COURT:  Okay.  Mr. Steele and Ms.

24  Robinson, you have had a chance to follow along as Ms. Barr

25  read the entire plea agreement.  Is that your complete

1   understanding of the plea agreement, Mr. Steele?

2                  DEFENDANT STEELE:  Yes.

3                  THE COURT:  Ms. Robinson?

4                  DEFENDANT ROBINSON:  Yes, Your Honor.

5                  THE COURT:  Do either of you have any

6   questions about what we're doing, or is there anything that

7   you don't understand about the case --

8                  DEFENDANT STEELE:  No, Your Honor.

9                  THE COURT:  -- Mr. Steele?  Ms. Robinson?

10                  DEFENDANT ROBINSON:  No, Your Honor.

11                  THE COURT:  All right.  I'll ask you how you

12   plead to the charge that says, from at least as early as

13   March 2015 to in or about April 2015, the exact dates

14   unknown to the Grand Jury, in the Northern District of Ohio,

15   Eastern Division, and elsewhere, that you, Mr. Steele and

16   Ms. Robinson, along with Mr. Sumlin, and diverse others

17   known and unknown to the Grand Jury, did knowingly and

18   intentionally combine, conspire, and confederate and agree

19   together and with each other to distribute and to possess

20   with the intent to distribute a mixture or substance

21   containing a detectable amount of fentanyl, a Schedule I

22   controlled substance, and fentanyl -- what is it?

23                  MS. BARR:  Acetyl fentanyl.

24                  THE COURT:  -- fentanyl acetyl analogue, a

25   Schedule I controlled substance analogue, as defined in

1    Title 21, U.S. Code, Section 802(32), in violation of Title

2    21, U.S. Code, Sections 841(a)(1) and (b)(1)(C); that it was

3    part of this conspiracy that on numerous occasions during a

4    period beginning in at least as early as March of 2015 to in

5    or about April of 2015, Mr. Steele obtained fentanyl and

6    fentanyl acetyl analogue from suppliers in China.

7         It was also part of the conspiracy that Miss Robinson

8    assisted Mr. Steele in the distribution of fentanyl and

9    fentanyl acetyl analogue to various individuals in Akron,

10   Fairlawn, and other areas in the Northern District of Ohio.

11   And it was further part of the conspiracy that Mr. Steele

12   and Ms. Robinson supplied Mr. Sumlin with fentanyl for

13   redistribution in Akron and other areas in the Northern

14   District of Ohio, which is a violation of Title 21, U.S.

15   Code, Section 846.

16        So Mr. Steele, how do you plead to Count 1, sir?

17             DEFENDANT STEELE:  Guilty.

18             THE COURT:  And Ms. Robinson?

19             DEFENDANT ROBINSON:  I'm guilty, Your Honor.

20             THE COURT:  Okay.  And Mr. Steele, on Count 2

21   it says, on or about March 21, 2015, in this district, that

22   you did unlawfully, knowingly, and intentionally distribute

23   a quantity of a mixture and substance containing a

24   detectable amount of acetyl fentanyl, a Schedule I

25   controlled substance analogue, as defined in Title 21, U.S.

1    Code Section 802(32), knowing that the substance was

2    intended for human consumption as provided in Title 21, U.S.

3    Code, Section 813, and death resulted from the use of such

4    substance, which is a violation of Title 21, U.S. Code,

5    Sections 841(a)(1) and (b)(1)(C), and Title 18, U.S.C.,

6    Section 2.

7          And how do you plead to Count 2?

8                    DEFENDANT STEELE:  Guilty, Your Honor.

9                    THE COURT:  Now, is the enhanced penalty still

10   involved in this?

11                   MS. BARR:  Yes, Your Honor.  It's a 20-year

12   mandatory minimum he must be sentenced to.

13                   THE COURT:  And that is the agreed recommended

14   sentence?

15                   MS. BARR:  It is, Your Honor.

16                   THE COURT:  All allegations in Count 2 are

17   hereinafter re-alleged and incorporated by reference.

18        It is further alleged, on or about March 21, 2015, in

19   Akron, Ohio, a person whose identity is known to the Grand

20   Jury did fatally ingest and overdose on a controlled

21   substance, namely acetyl fentanyl analogue, which had been

22   distributed by Mr. Steele to him, to T.R.

23        And you agree with that, correct, Mr. Steele?

24                   DEFENDANT STEELE:  Yes, Your Honor.

25                   THE COURT:  I'm going to accept each one of

1    these guilty pleas.  I'll find each one of you have

2    voluntarily pleaded guilty, and the guilty pleas were free

3    of any threats or coercion other than what we have discussed

4    here today.

5         And based upon what you have told me, what the lawyers

6    have said, and my review of the plea agreements and the

7    file, I'm going to find there is a factual basis to support

8    your entrance of these guilty pleas and my acceptance of

9    each one.

10        As you know, your case goes to the Probation

11   Department for the preparation of a presentence report.

12   Continue your honesty with the people in the Probation

13   Department, and we'll see you back here on April the 19th at

14   10:00.  Okay?

15        Thank you.

16             MR. SPELLACY:  Thank you, Your Honor.

17             MR. LONARDO:  Thanks, Judge.

18                  -  -  -   -  -

19              C E R T I F I C A T E

20        I certify that the foregoing is a correct transcript

21   from the record of proceedings in the above-entitled matter.

22

23             s/Heidi Blueskye Geizer      March 12, 2018

24             Heidi Blueskye Geizer                  Date
                Official Court Reporter

25